UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Brock Freese *fka* Burak L Uzunoglu,
Plaintiff,

vs.

Credit Service International Corp. and
Knight Adjustment Bureau a
corporation,
Defendants.

Civil Action No. 3:20-cv-757

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, as and for his causes of action (i.e., violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act) against the above-named defendants, states and alleges as follows:

### Introduction

1.  The following case alleges an inexplicable failure to comply with basic tenants of the Fair Debt Collection Practices Act and Fair Credit Reporting Act.  Nearly a decade ago, Plaintiff Brock Freese allegedly defaulted on an automobile loan with Nevada State Bank ZB, N.A. based in Las Vegas. Many years later, Nevada State Bank placed the deficiency balance on the loan with Defendants in order to collect amounts it contended were due and owing. Despite the fact that any credit reporting and litigation on the

1

account would have been time-barred, Defendants placed the debt on Plaintiff's credit reports and threatened him with litigation. Consequently, Plaintiff brings this lawsuit.

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and the Fair Credit Reporting Act, 15 U.S.C. §§1681n & o.

## Venue

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(3).

## Parties

4. Plaintiff Brock Freese is an adult resident of Hennepin County, Minnesota.

5. Defendant Credit Service International Corp. ("CSI") is a domestic corporation with offices in Hudson, Wisconsin and Rice Lake, Wisconsin. At all times relevant to this complaint, CSI was acting in its capacity as agent for Defendant Knight Adjustment Bureau.

6. Defendant Knight Adjustment Bureau ("KAB") is a foreign corporation located in Murray, Utah. Upon information and belief, KAB purposefully directed its activities toward the state of Wisconsin by contracting with CSI to collect the alleged debt that is the subject of this Complaint.

## Facts

7. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1681a(c).

8.      Defendant CSI is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.      Defendant KAB is, and at all times relevant to this complaint was, a furnisher of information as that term is used in 15 U.S.C. §1681s-2 and a "debt collector" as defined by 15 U.S.C. §1692a(6).

10.     The debt allegedly owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

11.     Over ten years ago, Plaintiff allegedly obtained an automobile loan ("the Account") through Nevada State Bank ZB, N.A. ("Nevada State Bank").

12.     Upon information and belief, the Account allegedly became delinquent and Nevada State Bank charged off the Account on or about February 17, 2011.

13.     For over seven (7) years, neither Plaintiff nor anyone else made payment on the Account.

14.     As a result, any obligation Plaintiff may have had on the account became barred by Nevada's statute of limitations on written contracts.

15.     During this time, Plaintiff continued to own the vehicle ("the Vehicle") that was the subject of the Account.

16.     In late 2018, Plaintiff decided that he no longer had use for the Vehicle and wanted to either donate it to a charity or give it away.

17.     To that end, Plaintiff contacted Nevada State Bank to see what he needed to do in order to get Nevada State Bank's lien released from the Vehicle's title.

18. A representative at Nevada State Bank informed Plaintiff that in order to release the lien, he would need to provide payment to Nevada State Bank.

19. On or about January 7, 2019, Plaintiff mailed a certified check to Nevada State Bank in the amount of $413.10 in order to obtain the lien release.

20. In the erroneous belief that the statute of limitations on the debt had been revived, Nevada State Bank sold, assigned, or otherwise placed the Account with KAB for the purposes of collections.

21. Shortly thereafter, Plaintiff noticed that KAB had reported the Account to the consumer reporting agencies Equifax, Experian, and TransUnion ("the Big 3").

22. Specifically, KAB falsely reported that the Account had been opened in January of 2019 and that it would remain on Plaintiff's credit report until September of 2025.

23. This was false because the Account had been opened approximately 10 years prior and any negative reporting would have become obsolete in 2018.

24. Upon information and belief, KAB furnished this false information to the Big 3 on a monthly basis until approximately January of 2020.

25. On or about March 25, 2019, Plaintiff disputed the Account with the Big 3 by writing them a letter informing them that the information provided by KAB was obsolete.

26. Upon information and belief, at least one of the consumer reporting agencies forwarded KAB a copy of Plaintiff's dispute in order to conduct an investigation of the information it was furnishing to the Big 3.

27. On or about April 2019, Experian responded to Plaintiff's dispute by confirming the aforementioned false information furnished by Plaintiff.

4

28. Upon information and belief, KAB failed to conduct a reasonable investigation, or otherwise discharge its duties, under 15 U.S.C. 1681s-2(b) and continued to furnish inaccurate information regarding Plaintiff.

29. By furnishing, and continuing to furnish, inaccurate information, KAB communicated credit information it knew or had reason to know was false, in violation of 15 U.S.C. §1692e(8).

30. By furnishing, and continuing to furnish, inaccurate information, KAB made a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A).

31. By furnishing, and continuing to furnish, inaccurate information, KAB made a false representation in the collection of a debt in violation of 15 U.S.C. §1692e(10).

32. Upon information and belief, KAB placed the Account with CSI for the purposes of collection.

33. To that end, CSI mailed Plaintiff multiple letters attempting to collect on the debt.

34. On or about August 14, 2019, Plaintiff telephoned CSI to obtain additional information.

35. During that phone call, CSI's representative told him the Account was a newer account that had been opened in 2019 and that it wasn't an older account.

36. Plaintiff requested that the representative call Nevada State Bank and get additional information regarding the Account because he believed it had been paid off.

37. On or about August 19, 2019, CSI's representative telephoned Plaintiff and told him that a "judgment had been ordered" on the Account or words to that effect.

38.     The representative further told Plaintiff that judgments are good for 20 years and that, therefore, CSI can collect on the Account for 20 years.

39.     When Plaintiff indicated that information didn't sound correct, the representative informed Plaintiff that this was a "Minnesota account" and that judgments in Minnesota are good for 20 years.

40.     Upon information and belief, the Account has never been reduced to judgment.

41.     Additionally, judgments in Minnesota are only enforceable for 10 years, not 20 years.

42.     After this conversation, Plaintiff was more confused and frustrated than he had been throughout this whole process.

43.     As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Specific Claims

Count I - Negligent Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

*(Against KAB)*

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The foregoing acts and omissions of Defendant KAB constitute violations of the FCRA, including, but not limited to, 15 U.S.C. §1681s-2.

Count II– Knowing and/ or Willful Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

*(Against KAB)*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant KAB constitute knowing and willful violations of the FCRA, including, but not limited to, 15 U.S.C. §1681s-2.

Count III–Violations of 15 U.S.C. §1692e(2)(A)

(*Against All Defendants*)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants falsely represented the character, amount, and legal status of Plaintiffs' alleged debt in violation of 15 U.S.C. §1692e(2)(A) by telling Plaintiff the Account was opened in January of 2019, that a judgment had been ordered, and that the judgment was good for 20 years.

Count IV–Violations of 15 U.S.C. §1692e(2)(A)

(*Against KAB*)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendants falsely represented the character, amount, and legal status of Plaintiffs' alleged debt in violation of 15 U.S.C. §1692e(2)(A) by furnishing inaccurate information to the Big 3 credit bureaus.

### Count V- Violations of 15 U.S.C. §1692e(10)

### (*Against KAB*)

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Defendants repeatedly made false representations in collecting a debt in violation of 15 U.S.C. §1692e(10) by telling Plaintiff the Account was opened in January of 2019, that a judgment had been ordered, and that the judgment was good for 20 years.

### Count VI- Violations of 15 U.S.C. §1692e(10)

### (*Against All Defendants*)

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     Defendant repeatedly made false representations in collecting a debt in violation of 15 U.S.C. §1692e(10) by furnishing inaccurate information to the Big 3 credit bureaus.

### Count VII- Violations of 15 U.S.C. §1692e(8)

### (*Against KAB*)

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. By furnishing inaccurate information to the Big 3 credit bureaus, Defendant communicated credit information it knew or had reason to know was false in violation of 15 U.S.C. §1692e(8).

## Jury Demand

58. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Reasonable attorney's fees, litigation expenses, and cost of suit; and

    e.    Any other relief deemed appropriate by this Honorable Court.

Dated: August 11, 2019

Respectfully Submitted,

PETERSON LEGAL, PLLC

s/ Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

ATTORNEY FOR PLAINTIFF